**THE NEW YORK TIMES COMPANY, Plaintiff,**

v.

**NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, Defendant.**

Civ. A. No. 86–2860.

United States District Court, District of Columbia.

June 3, 1987.

34

Patrick Carome, Timothy B. Dyk, Wilmer, Cutler & Pickering, Washington, D.C., for plaintiff.

Linda Lance, Michael Sitcov, Dept. of Justice, Civil Div., Washington, D.C., for defendant.

## MEMORANDUM OPINION

NORMA HOLLOWAY JOHNSON, District Judge.

Plaintiff, The New York Times Company (the Times), brought this action against the National Aeronautics and Space Administration (NASA) pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel disclosure of the voice communications tape recorded aboard the Space Shuttle Challenger on January 28, 1986, the date of the tragic accident which took the lives of the seven Challenger astronauts. NASA has withheld the tape under Exemption 6 of the FOIA, claiming that it is a "similar file" within the meaning of the Exemption and that its release would be a clearly unwarranted invasion of the privacy of the families of the deceased astronauts.[1] The case is before the Court on the parties' cross-motions for summary judgment. Having considered the motions, the supporting affidavits and legal memoranda, and the arguments of counsel heard in open court, the Court concludes, for reasons that follow, that the requested tape does not come within the scope of Exemption 6 and that it must therefore be released under the mandate of the FOIA.

## BACKGROUND

The Challenger accident, which has been described as the "worst disaster in the history of space exploration",[2] has been the subject of great public interest and extensive media coverage. Following the accident, the New York Times assembled a special team of reporters to investigate and report on the tragedy and its effect on the future of the United States space program. Like other news organizations, the Times has published a large number of articles on the subject and on related inquiries conducted by NASA, Congress, and the Special Presidential Commission on the Challenger accident.[3] As part of these ongoing reporting efforts, Times reporter David E. Sanger directed a FOIA request to NASA on July 18, 1986, seeking "transcripts of all voice and data communications recorded aboard the space shuttle Challenger on January 28, 1986, including all conversations involving crew members through the shuttle's intercom system", and "copies of the voice communications tapes, which may

---

1. Exemption 6 provides that the disclosure requirements of the FOIA do not apply to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

2. Investigation of the Challenger Accident: Hearings before the House Comm. on Science and Technology, 99th Cong., 2d Sess. 21 (1986) (statement of Rep. Barton).

3. The Times estimates that it has published in excess of six hundred stories on these subjects. Affidavit of David E. Sanger, ¶ 3.

include background noises or voices inflections not reflected in the transcripts." Exhibit A, plaintiff's motion for summary judgment.

In a letter dated August 1, 1986, NASA responded to the Times' request, granting it in part and denying it in part. NASA provided the Times with a document identified as "a copy of the transcript of the tape of the Challenger crew comments from the operational recorder", but denied the request for a copy of the tape itself on the basis of Exemption 6, stating that "the privacy of the families of the astronauts would be invaded significantly by its release because it would subject them to hearing the voices of their loved ones, an intrusion on their grief which certainly would exacerbate feelings of hurt and loss." Exhibit B, plaintiff's motion for summary judgment. The Times appealed the initial decision to withhold the tape, but that decision was affirmed on September 30, 1986, by the Office of the Administrator of NASA, which also relied exclusively on Exemption 6 as the basis for the withholding. The Times thereafter commenced this lawsuit to compel release of the tape.

It is an undisputed matter of record that the tape at issue here contains no information about the personal lives of the astronauts or any of their family members, but only the comments, observations, and communications of certain of the Challenger astronauts concerning the launching and flight of the Shuttle on the date of the accident.[4]

## ANALYSIS

■ As previously noted, Exemption 6 of the FOIA protects from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Resolving the question whether an agency's withholding of records on the basis of this Exemption is proper involves a two-step analysis.

The threshold determination to be made is whether the information withheld is contained in a personnel, medical, or "similar" file. If so, the Court must then proceed to determine whether its release would be a "clearly unwarranted invasion of personal privacy." *Arieff v. Department of Navy,* 712 F.2d 1462, 1466 (D.C.Cir.1983); *Washington Post Company v. Department of Health and Human Services,* 690 F.2d 252, 260 (D.C.Cir.1982).

■ With respect to the threshold issue, NASA concedes, as it must, that the requested tape is neither a personnel nor a medical file, but argues that it is a "similar file" under the broad construction given to that term by the Supreme Court in *Department of State v. Washington Post Company,* 456 U.S. 595, 102 S.Ct. 1957, 72 L.Ed.2d 358 (1982). The Times, on the other hand, contends (1) that NASA has incorrectly interpreted the Supreme Court's decision in that case as standing for the proposition that a record need not contain any information about a person in order to be a "similar file", (2) that the Court did not eliminate the requirement that a record contain personal information about a particular individual in order for that record to be considered a "similar file" within the meaning of Exemption 6, and (3) that the withheld tape cannot be such a file because it contains no information about the astronauts or any of their family members. The Court agrees with plaintiff's interpretation of the Supreme Court's decision and holds that the tape in question is not a "similar file" entitled to protection under Exemption 6.

Prior to the decision in *Department of State v. Washington Post Company, supra,* our Court of Appeals had embraced a narrow interpretation of the term "similar files" and had repeatedly held that it applied only to those records which contained information as highly personal or as intimate in nature as that typically found in personnel and medical records. *See e.g.,*

---

**4.** *See* plaintiff's statement of material facts, at ¶ 6, defendant's statement of genuine issues concerning plaintiff's statement of material facts, at ¶ 1, and Exhibit C, plaintiff's motion for summary judgment, which is a copy of the transcript released by NASA.

*Simpson v. Vance,* 648 F.2d 10, 13 (D.C. Cir.1980); *Board of Trade v. Commodity Futures Trading Commission,* 627 F.2d 392, 398 (D.C.Cir.1980). While the Supreme Court in *Department of State v. Washington Post Company* rejected this restrictive approach and held that Congress intended that the phrase "similar files" have a broad rather than a narrow meaning, the Court's decision cannot be read as having eliminated the requirement that a government record contain information about an individual in order to be considered a "similar file" under Exemption 6.[5] As our Court of Appeals later recognized, the Supreme Court rejected the narrow and restrictive construction of the "similar files" language to "ensure[ ] that FOIA's protection of personal privacy is not affected by the happenstance of the type of agency record in which *personal information* is stored." *Washington Post Company v. Department of Health and Human Services,* 690 F.2d 252, 260 (D.C.Cir.1982) (emphasis added).

It is evident throughout the Supreme Court's opinion in *Department of State v. Washington Post Company, supra,* that the Court presumed that a record can be considered a "similar file" only where it contains personal information about a particular person. For example, the Court, referring to the legislative history, noted that "Congress' primary purpose in enacting Exemption 6 was to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of *personal information.*" *Id.* 456 U.S. at 599, 102 S.Ct. at 1960 (emphasis added). The Court went on to cite language from the House Report stating that " '[t]he exemption was intended to cover *detailed Government records on an individual which can be identified as applying to that individual.*' " *Id.* at 602, 102 S.Ct. at 1961 (quoting H.R.Rep. No. 1497, 89th Cong., 2d Sess. 11 (1966)) (emphasis added). The Court also cited with approval one of its earlier decisions in an Exemption 6 case and its pronouncement there that " 'the primary concern of Congress in drafting Exemption 6 was to provide for the confidentiality of *personal matters.*' " *Id.* at 599–600, 102 S.Ct. at 1960 (quoting *Department of Air Force v. Rose,* 425 U.S. 352, 375, n. 14, 96 S.Ct. 1592, 1606, n. 14, 48 L.Ed.2d 11 (1976)) (emphasis added). Also significant is the Court's statement that "[i]nformation unrelated to any particular person presumably would not satisfy the threshold test" for protection under Exemption 6, that is, that it be contained in a personnel, medical, or "similar file". *Id.* 456 U.S. at 602, n. 4, 102 S.Ct. at 1962, n. 4.

■ In sum, notwithstanding its broad construction of the phrase "similar files", the Supreme Court has not eliminated the fundamental requirement that a government record contain personal information about an individual before it can be considered a "similar file" within the meaning of Exemption 6. Since it is undisputed that the Challenger tape at issue here contains no such information about the astronauts or their family members, the tape does not satisfy the threshold requirement for protection under Exemption 6 and must, therefore, be released under the disclosure requirements of the FOIA.[6] An appropriate

---

5. *Department of State v. Washington Post Company, supra,* involved a request for State Department records pertaining to certain Iranian nationals which identified their citizenship status. In reversing the Court of Appeals' decision that the citizenship information could not be withheld because it was less intimate than that typically found in personnel or medical files and therefore was not contained in a "similar" file, the Supreme Court concluded that Exemption 6's protection should not be determined simply by the nature of the file containing the requested information and that its protection is not lost merely because an agency stores information about an individual in records other than personnel or medical files. *Id.* at 599–603, 102 S.Ct. at 1960–1962.

6. While the Court appreciates NASA's concern for the families of the Challenger astronauts and the impact that release of the tape may have on them, the Court's conclusion that the threshold requirement of Exemption 6 has not been satisfied here does not allow consideration of NASA's arguments respecting the balancing of private against public interests.

order and judgment will be entered together with this opinion.

## ORDER

This matter having come before the Court on Plaintiff's Objection To *In Camera* Proffer Of Declarations, and the Court having considered said objection and defendant's response thereto, it is hereby

ORDERED that Plaintiff's objection is sustained; and it is further

ORDERED that defendant's proffered declarations shall not be received or filed and that the clerk shall promptly return them to defendant's counsel.

## ORDER AND JUDGMENT

Upon consideration of the parties' cross-motions for summary judgment, the supporting affidavits and legal memoranda, and the argument of counsel heard in open court, and it appearing to the Court that there is no genuine issue as to any material fact and that plaintiff is entitled to judgment as a matter of law for the reasons set forth in the accompanying memorandum opinion, it is this 2nd day of June, 1987,

ORDERED that the motion of defendant for summary judgment be, and hereby is, denied; it is further

ORDERED that the motion of plaintiff for summary judgment be, and hereby is, granted; and it is further

ORDERED that defendant provide to plaintiff within thirty (30) days of the date hereof a complete copy of the tape recording which plaintiff has sought through this lawsuit.